# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **ADRIENE NICOLE MORGAN,** | ) | Case No. 13-05178-TOM-7 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| **ADRIENE NICOLE MORGAN,** | ) | |
| | ) | |
| Plaintiff, | ) | A.P. No. 14-00031-TOM |
| vs. | ) | |
| | ) | |
| **HONORS PROPERTY,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding came before the Court on June 19, 2014, for a hearing on the Debtor's Motion for Default Judgment and to determine damages. Appearing before the Court were Miesha Parchman, counsel for Adriene Nicole Morgan; and Adriene Nicole Morgan, Plaintiff/Debtor. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C.

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

§ 157(b)(2)(O).[2]  This Court has considered the pleadings, arguments of counsel, evidence, testimony, and the law, and finds and concludes as follows.[3]

## FINDINGS OF FACT[4]

Ms. Morgan testified that at the time she filed her bankruptcy petition she resided in a home located at 8329 4th Avenue North, Birmingham Alabama. According to Ms. Morgan when she moved into the property in March 2012 she leased it from Access Property. She signed a new lease with Access Property in the spring of 2013 and sometime thereafter ownership of the home and/or her lease was transferred to Honors Property. Ms. Morgan testified that she had gone home one day in February 2014 to find that she could not get into the house and became panicked because she has two children and all of their belongings were inside.[5] She admitted that she had gotten behind on her rent but stated that she had neither been contacted by anyone at Honors Property nor received

---

[2] 28 U.S.C. §157(b)(2)(A) and (O) provide as follows:

> (b)(2)Core proceedings include, but are not limited to–
> (A) matters concerning the administration of the estate;
> . . .
> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims[.]

[3] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[5] Ms. Morgan testified that there was no lock on the door at all but that she could not get in. It is not clear exactly how Honors Property prevented her from getting into the property but it is apparent that she was denied access to the property.

2

notice of eviction proceedings.

It is Ms. Morgan's contention that because she was denied access to the home she and her children have lost all of their belongings, including a sectional sofa purchased for $300 - $400; a refrigerator purchased for $200 - $300; a stove purchased for $200 - $300; a microwave purchased for $100; clothing and shoes for herself and two children purchased for $1,000; furnishings, kitchen items, linens and towels, toys, Social Security cards, birth certificates, and pictures of the children. She stated that because her home had been burglarized twice some of her belongings had been newly purchased. In addition, Ms. Morgan testified that the post office stopped leaving her mail because the property was vacant; when she went to the post office to collect it, the mail had already been returned to the senders.

Ms. Morgan filed her bankruptcy case on November 21, 2013. Honors Property was listed as a creditor on her schedules filed along with her bankruptcy petition. *See* BK Doc. 1. The *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines* was served upon Ms. Morgan's creditors, including Honors Property, on November 24, 2013.[6] *See* BK Doc. 13, BNC Certificate of Notice. According to the Complaint filed in this adversary proceeding on March 21, 2014, counsel for Ms. Morgan contacted Honors Property on February 28, 2014 to advise that the bankruptcy case had been filed and that its efforts to deny Ms. Morgan access to the property should be stopped.

---

[6] Bankruptcy Rule 2002 requires the clerk of court to mail notice of the bankruptcy filing to the trustee and all creditors in a consumer case. Bankruptcy Rule 9006(e) provides that "[s]ervice . . . by mail is complete on mailing."

3

## CONCLUSIONS OF LAW

**Default Judgment**

Ms. Morgan filed her complaint alleging violation of the automatic stay on March 21, 2014. According to the her Certificate of Service, the Summons and Complaint were duly served on the Defendant, Honors Property, on March 25, 2014. The Defendant has failed to file a valid answer or otherwise properly respond to the Complaint in this adversary proceeding.[7]

Based on the arguments of counsel, the pleadings, and the testimony of the Debtor, it appears to the Court that an Entry of Default is due to be entered by the Clerk of Court and the Motion for Default Judgment is due to be granted.[8] Having determined that the Debtor is entitled to a default judgment against Honors Property, the Court must determine damages due to the Debtor.

**A. Violation of the Automatic Stay**

To provide for orderly liquidation or reorganization the Bankruptcy Code stays, *inter alia*, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). This automatic stay arises by operation of law at the moment the bankruptcy petition is filed regardless of whether affected parties have

---

[7] Andrew Clements filed an answer on behalf of Honors Property Management on April 7, 2014. On May 19, 2014, Ms. Morgan filed a Motion to Strike the Answer because it was filed *pro se* despite the Eleventh Circuit requirement that a corporation must be represented by an attorney. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 - 86 (11th Cir. 1985). The Motion to Strike was granted on May 20, 1014, and nothing has been filed by or on behalf of Honors Property since that time, and no one appeared from or on behalf of Honors Property at the hearing on the Motion for Default Judgment.

[8] Although counsel for Ms. Morgan has not filed a motion for entry of default, pleadings may be amended to conform to the evidence pursuant to Rule 15 of the Federal Rules of Civil Procedure which is made applicable to this adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure. Thus, the Motion for Default Judgment shall be conformed to request entry of default as well as a default judgment.

4

notice of the filing. 11 U.S.C. § 362(a). *See e.g., Ford v. Loftin (In re Ford)*, 296 B.R. 537, 542 (Bankr. N.D. Ga. 2003). The automatic stay of actions against property of the estate continues until the property is no longer property of the estate. 11 U.S.C. § 362(c)(1). Unless the court orders otherwise, property that has not been administered in the case and that has not been abandoned under section 554 remains property of the estate. 11 U.S.C. § 554(d). Property is considered abandoned when a case is closed, unless otherwise ordered. 11 U.S.C. § 554(c). *See also In re Killmer*, 501 B.R. 208, 213 (Bankr. S.D.N.Y. 2013).

When Ms. Morgan filed her chapter 7 bankruptcy case on November 21, 2013, the automatic stay went into effect to prevent acts to obtain possession or control of property of the estate; i.e., the property leased by Ms. Morgan and her belongings located therein. At the time Honors Property denied her access to the real property and disposed of her belongings, the case remained open, the property had not been abandoned, and the stay remained in effect; thus, Honors Property violated the automatic stay. Having determined that a stay violation occurred, the Court is left only to determine whether the violation was willful and if an award of damages is appropriate.

**B. Damages**

**1. Actual Damages**

Section 362(k) of the Bankruptcy Code provides "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). A creditor acts with willfulness, for purpose of section 362 when he acts deliberately with knowledge of a bankruptcy petition even if his actions are not intentionally meant to violate the stay. *See In re Parker*, 279 B.R. 596, 603 (Bankr. S.D. Ala. 2002). *See also Jove Eng'g Inc. v. IRS (In*

5

Case 14-00031-TOM    Doc 20    Filed 07/11/14    Entered 07/11/14 13:25:49    Desc Main
Document      Page 5 of 8

*re Jove)*, 92 F.3d 1539,1555 (11th Cir. 1996) ("'willfulness generally connotes intentional action taken with at least callous indifference for the consequences'"). "Knowledge of the bankruptcy petition has been held to be the legal equivalent of knowledge of the automatic stay." *In re Lickman*, 297 B.R. 162, 190 (Bankr. M.D. Fla. 2003) (citation omitted). Where a creditor is provided actual notice of the bankruptcy, any violation of the stay must be presumed to be deliberate. *Smith v. Homes Today, Inc, et al. (In re Smith)*,296 B.R. 46, 55 (Bankr. M.D. Ala. 2003). Oral notification of a bankruptcy filing is also sufficient to put a creditor on notice. *See In re Bragg*, 56 B.R. 46 (Bankr. M.D. Ala. 1985) (pre-filing conversation between creditor's agent and debtor's attorney regarding filing of petition sufficient notice to make creditor obliged to investigate before repossession).

      Ms. Morgan listed Honors Property as a creditor in her schedules filed along with her chapter 7 bankruptcy petition, and the Bankruptcy Court Clerk's Office mailed a *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* to Honors Property on November 22, 2013. *See* BK Docs. 1, 13. Thus, Honors Property was given notice of Ms. Morgan's bankruptcy case pursuant to the Bankruptcy Code. Furthermore, according to the Complaint filed in this adversary proceeding, counsel for Ms. Morgan contacted Honors Property in late February 2014 to advise that the constructive eviction of Ms. Morgan should be stopped. Despite receiving actual notice of Ms. Morgan's bankruptcy Honors Property exercised control over property of the estate, and continued to exercise control after receiving oral notice of the bankruptcy. The Court finds that Honors Property, having acted deliberately and with knowledge of Ms. Morgan's bankruptcy case, willfully violated the automatic stay. The text of the Bankruptcy Code leaves no doubt as to the nonpermissive nature of compensatory damages, because it provides that "an individual injured by

any willful violation of a stay provided by this section *shall* recover actual damages, including costs and attorneys' fees . . . ." 11 U.S.C. § 362(k) (emphasis added). Ms. Morgan is therefore entitled to actual damages pursuant to 11 U.S.C. section 362(k). The Court finds that she suffered actual damages of $5,000.00. Further, the Court finds that Ms. Morgan's counsel is entitled to an attorney's fee in the amount of $1,000.00.

### 2. Punitive Damages

Section 362(k) also grants this Court discretion to award punitive damages in "appropriate circumstances." 11 U.S.C. § 362(k). Determining what constitutes "appropriate circumstances" is left to this Court's discretion. *See Smith v. Homes Today, Inc, et al. (In re Smith)*, 296 B.R. 46, 56 (Bankr. M.D. Ala. 2003).

Honors Property had been listed on Ms. Morgan's schedules filed with her bankruptcy petition, and court records indicate that Honors Property was given notice of Ms. Morgan's bankruptcy filing at least two months before it took action to deny Ms. Morgan access to the property and her belongings. Furthermore, counsel for Ms. Morgan contacted Honors Property thereafter, yet Honors Property continued to deny Ms. Morgan access. Therefore, based on the foregoing, the Court finds Ms. Morgan is entitled to punitive damages of $2,500.00. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that an Entry of Default shall be entered against Defendant Honors Property Management. It is further

**ORDERED, ADJUDGED AND DECREED** that damages are awarded against Honors Property Management and in favor of the Debtor, Adriene Nicole Morgan, in the amount of

$8,500.00, which includes an attorney fee of $1,000.00, actual damages of $5,000.00 and punitive damages of $2,500.00.

Dated: July 11, 2014

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

xc: Miesha Parchman, attorney for Debtor
Adriene Nicole Morgan, Debtor